UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:21-cv-00140-MR

| | |
|---|---|
| JAMES RAY ARNOLD, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>TODD ISHEE, Secretary, North )<br>Carolina Department of Adult )<br>Correction,[1] )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** comes before the Court on the Petition for Writ of Habeas Corpus filed by the Petitioner pursuant to 28 U.S.C. § 2254 on September 27, 2021. [Doc. 1].

**I.   BACKGROUND**

James Ray Arnold (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner was convicted on March 8, 2016 in Ashe County Superior Court after entering an *Alford* plea to manufacturing

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254. North Carolina law mandates that the Secretary of the North Carolina Department of Adult Correction is the custodian of all state inmates. See N.C. Gen. Stat. § 148-4 (2023). Accordingly, Todd Ishee, the current Secretary of the North Carolina Department of Adult Correction, is the proper respondent in this action.

methamphetamine, conspiracy to manufacture methamphetamine, and attempted trafficking of methamphetamine. [Doc. 1 at 1-3]; State v. Arnold, 2017 WL 490491, *1 (N.C. Ct. App. February 7, 2017)(unpublished). Following a hearing, the trial court accepted the Petitioner's plea and he was sentenced to two consecutive sentences totaling 166 months to 224 months of incarceration. [Id.]. The Petitioner filed a direct appeal of his conviction, which the North Carolina Court of Appeals affirmed in its opinion dated February 7, 2017. [Id.]. The Petitioner did not seek further appellate review. [Doc. 1 at 3].

On February 20, 2018, the Petitioner filed a Motion for Appropriate Relief ("MAR") in the Ashe County Superior Court, which was denied on February 5, 2019. [Doc. 1 at 3-4; Doc. 1-2 at 11-16]. The Petitioner filed a Petition for Writ of Certiorari with the North Carolina Court of Appeals on July 25, 2019, which was dismissed on July 31, 2019. [Doc. 1 at 3-4; Doc. 1-2 at 17]. The Petitioner sought further review in the North Carolina Supreme Court on November 6, 2019 and his request for relief was dismissed on February 26, 2020. [Doc. 1 at 3-4; Doc. 1-2 at 18].

The Petitioner filed a second MAR in Ashe County Superior Court on February 2, 2021. The trial court denied and dismissed the MAR on May 7, 2021. [Doc. 1 at 4-5; Doc. 1-2 at 19-22]. The Petitioner filed a certiorari

petition on July 1, 2021, which the North Carolina Court of Appeals denied on July 7, 2021.  [Doc. 1 at 4-5; Doc. 1-2 at 23].

The Petitioner filed his Petition for Writ of Habeas Corpus in this Court on September 27, 2021.  [Doc. 1].

## II.     DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment.  28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.  The limitation period is tolled during the pendency of a properly filed state post-conviction action.  28 U.S.C. § 2244(d)(2).

3

The North Carolina Court of Appeals affirmed the Petitioner's judgment of conviction on February 7, 2017. The Petitioner's conviction became final thirty-five days later, on or about March 14, 2017. See N.C. R.App. P. Rules 14(a) and 15(b)(15 days to file from the issuance of the Court of Appeals' mandate to file notice of appeal and/or petition for discretionary review in North Carolina Supreme Court) and Rule 32(b)(unless court orders otherwise, mandate issues 20 days after written opinion filed).

The AEDPA's one-year statute of limitations then began running for 365 days until it was tolled by the filing of the Petitioner's post-conviction MAR in the Ashe County Superior Court on February 20, 2018, the 343rd day, with 22 days remaining on the statute of limitations. See U.S.C. § 2244(d)(2). The AEDPA's one-year limitations period remained tolled during the pendency of the state MAR proceedings. The trial court denied the MAR on February 5, 2019 and the AEDPA statute of limitations restarted once the time for the Petitioner to seek appellate review of the MAR denial passed.

There is no specific deadline in North Carolina for filing a certiorari petition challenging the denial of an MAR in non-capital cases, as the rule only requires that such petition be filed "without unreasonable delay." N.C. R. App. P. 21(c), (e). "The North Carolina Supreme Court has not defined the term 'unreasonable delay.'" Smith v. Hooks, 2019 WL 4458854,*3

4

(E.D.N.C. Sept. 17, 2019). However, this Court, in agreement with the Middle District and the Eastern District of North Carolina, has held "that absent 'very unusual circumstances' a writ of certiorari is filed 'without unreasonable delay' if it is filed within 30 days of the denial of the MAR." Oxendale v. Corpening, No. 1:18-cv-00241-MR, 2020 WL 3060755, *3 (W.D.N.C. June 9, 2020)(citing McConnell v. Beck, 427 F. Supp. 2d 578, 582 (M.D.N.C. 2006); Coley v. Hooks, No. 5:16-HC-2308-FL, 2018 WL 1570799, *4 (E.D.N.C. Mar. 30, 2018)). The Petitioner did not seek certiorari review of the MAR denial until approximately five-months later on July 25, 2019. The time for seeking certiorari review of the denial of the MAR expired on or about March 7, 2019, and the remaining time left on the limitations period (22 days) then began to run again until it expired on or about March 29, 2019.

The Petitioner's § 2254 petition filed in this Court more than a year later on September 27, 2021 was well beyond the statute of limitations and is subject to dismissal as time-barred under § 2244(d)(1)(A) unless the Petitioner can show that he is entitled to statutory tolling under § 2244(d)(1)(B)-(D), or that equitable tolling of the statute of limitations applies.[2]

---

[2] "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

As such, the Court will grant the Petitioner 21 days in which to explain why this matter should not be dismissed as untimely, including any reasons why the Court should apply statutory or equitable tolling. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

**IT IS, THEREFORE, ORDERED** that:

1. The Petitioner shall, within 21 days of entry of this Order, file a document explaining why his § 2254 Petition for Writ of Habeas Corpus should not be dismissed as untimely.

2. Failure to comply with this Order shall result in dismissal of the § 2254 Petition.

3. The Clerk is respectfully directed to substitute Todd Ishee, Secretary of the North Carolina Department of Correction, as the Respondent in this action.

**IT IS SO ORDERED.**

Signed: May 1, 2024

Martin Reidinger
Chief United States District Judge